IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES R. KAMMEYER, JR., and ALL INMATES HOUSED at USP MARION, <br>     Plaintiffs; <br><br> v. <br><br> Warden WILLIAM TRUE, <br>     Individually and Officially <br> Captain D. STICKLES, <br>     Individually and Officially <br> S.I.S. Officer DANIEL HUGGINS, <br>     Individually and Officially <br> the UNITED STATES OF AMERICA, <br>     Defendants. | Civil Action No. 19-454-JPG <br><br><br> MOTION TO CERTIFY <br> ACTION AS CLASS ACTION <br><br> (proposed) <br><br> Fed.R.Civ.P. 23(c)(1) |

Plaintiff James R. Kammeyer, Jr., pro se, hereby submits a proposed motion for an order under Rule 23(c)(1)(A) of the Federal Rules of Civil Procedure that this proceeding may be maintained as a class action on behalf of a class comprised of Plaintiff and all other persons similarly situated, namely, all inmates presently housed at USP Marion, to include future inmates.

Plaintiff further requests that the Court's order appoint recruited counsel (to be named after review under 28 U.S.C. § 1915), as class counsel as required by Fed.R.Civ.P. 23(g).

GROUNDS FOR RELIEF

The grounds for the motion appear below, in addition to the fact that the Complaint includes a class action allegation. Plaintiff is asking early for this certification because the Seventh Circuit has said a district court is supposed to decide class certification motions "[a]t an early practicable time," and if it grants the motion, issue an order defining the class and the

class claims/issues, and name class counsel; see Nelson v. Murphy, 44 F.3d 497, 500 (7th Cir. 1995); Rule 23(c)(1)(B), Fed.R.Civ.P.

The ascertainability of class members is defined in a way that permits the Court to determine who is a class member and who is not because this information is readily available from www.bop.gov.

1. The class is so numerous that joinder of all class members is impracticable; Fed.R.Civ.P. Rule 23(a)(1); see that where the potential number of plaintiffs exceeds 40, the first prong of Rule 23(a) has been met: Stewart v. Abraham, 275 F.3d 220, 226-27 (3rd Cir. 2001); Cypress v. Newport News General & Nonsectarian Hospital Assn., 375 F.2d 648, 653 (4th Cir. 1976); Ikonen v. Hartz Mountain Corp., 122 F.R.D. 258, 262 (S.D. Cal. 1988)(same).

The court should take notice that class members are unlikely to bring their own suits because of poverty, illiteracy, lack of education, and limited access to legal representation; most notably class members are afraid of becoming targets themselves for the Defendants' inmate "enforcers." Lastly, this class is "fluid" -- its membership changes weekly. Jones'El v. Berge, 172 F. Supp. 2d 1128, 1131 (W.D. Wis. 2001)(citing cases).

2. The questions of law or fact are common to the class members and Plaintiff; Fed.R.Civ.P. 23(a)(2). One commonality is the chaotic application of violence on the pretext of drug use or sales. The pretext alone is sufficient, as has occurred. Factual variations among class members does not defeat class certification; Babey Neal v. Casey, 43 F.3d 48, 57 (3rd. Cir. 1994)(defendants' conduct is central to the claims of all class members irrespective of their individual circumstances and the disparate effects of the conduct.

3. The claims of the representative party are typical of the claims of the

other class members; Fed.R.Civ.P. Rule 23(a)(3). This "typicality" requirement means that Plaintiff's claim involves a "common element of fact or law" or "the same legal theory" as the other (proposed) class members' claims; <u>J.B. ex rel Hart v. Valdez</u>, 186 F.3d 1280 (10th Cir. 1999). The fact that some class members may choose to not assert their rights does not mean that Plaintiff's claim is not typical, nor does the existence of other factual variations; <u>Wilder v. Bernstein</u>, 499 F. Supp. 980, 993 (S.D.N.Y. 1990); <u>Bullock v. Sheahan</u>, 225 F.R.D. 227, 230 (N.D. Ill. 2004).

4. Plaintiff, as representative party, fairly and adequately protects the interest of the class; Fed.R.Civ.P. Rule 23(a)(4). Plaintiff pledges he has common interests with unnamed class members and will vigorously prosecute the interests of the class through qualified counsel; <u>Piazza v. Ebsco Industries, Inc.</u>, 273 F.3d 1341, 1346 (11th Cir. 2001). There are no apparent conflicts of interests with other class members that would prevent him from being able to represent them fairly; <u>Heit v. van Ochten</u>, 126 F. Supp. 2d 487, 494-95 (W.D. Mich. 2001)(removing a named plaintiff from her representative role and substituting someone else if the court believes the named plaintiff is not fairly representing the class).

## RELIEF

If the Court wishes to consider only the injunctive and declaratory relief requests for purposes of class certification, it may grant it under Rule 23(b)(2). If, however, class certification must be considered along with the damages portion of the relief requested in the Complaint, then the Court may use Rule 23(b)(3). Plaintiff's concerns of safety and security ultimately lobby in favor of the former request, as long as the Court is amenable to it. It seems that this specific concern "predominates" over questions affecting only

individuals, and Plaintiff feels a class action is "superior" to other methods of handling the controversy; Rule 23(b); see, <u>McBean v. City of New York</u>, 228 F.R.D. 487, 503 (S.D.N.Y. 2005)(finding class action superior method of handling class action about strip searches of arrestees).

## RECORD ON MOTION

This (proposed) motion is based on this document, the attached Complaint, and all other papers and records of this action, together with whatever evidence and argument is produced at the hearing on this motion, including the verified affidavits/declarations in support.

Respectfully Submitted,

Dated: 4-25-2019

James R. Kammeyer, Jr., pro se
Register No. 20118-081
United States Penitentiary, Marion
P.O. Box 1000
Marion, Illinois 62959-7500

By signing the above, I hereby verify that the foregoing statements are true, correct, and complete, to the best of my knowledge and recollection, submitted under the penalty of perjury pursuant to 28 U.S.C. § 1746. Further, I hereby affirm that this document was mailed on the above date using the institution legal mail procedures, mailed via USPS prepaid first class postage.