# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES R. KAMMEYER, JR., | ) |
|             Plaintiff, | ) |
| vs. | ) Case No. 19-cv-00454-JPG |
| WILLIAM TRUE, D. STICKELS, DANIEL HUGGINS, and UNITED STATES OF AMERICA, | ) |
|             Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff James Kammeyer, an inmate with the Federal Bureau of Prisons ("BOP") who is currently incarcerated at the United States Penitentiary located in Marion, Illinois ("USP Marion"), initiated his law suit by filing a Complaint (Doc. 1) and a Motion for Preliminary Injunction ("Motion") (Doc. 2). The Motion is now before this Court for consideration.

In the Complaint, Plaintiff claims that following incidences of illicit drug use, USP Marion implemented the following restrictions on the entire inmate population: (1) reducing the monthly commissary spending limit to $100 and subsequently to $75; (2) limiting telephone privileges to one five-minute phone call per day; and (3) limiting e-mail use to five emails per day. (Doc. 1. pp. 4-5). In addition to the restrictions on privileges, Plaintiff alleges that various officials have attempted to combat the drug problem by encouraging inmates to self-enforce the prohibition of illicit drugs and to use violence if necessary against those using and dealing, resulting in "vicious assaults." *Id.* p. 6; Doc. 2, p. 2. Plaintiff seeks an Order (1) requiring Defendants to cease the

current mass punishment sanctions of privileges; (2) prohibiting Defendants from engaging in mass punishment sanctions of any kind; and (3) requiring Defendants to implement "motor skills assessment field sobriety checks," using medical and custody staff to find and hold accountable those using and dealing illicit drugs. (Doc. 2, p. 3).

The United States Supreme Court has emphasized that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion. *Christian Legal Soc'y v. Walker*, 453 F.3d 853, 870 (7th Cir. 2006) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original)). In considering whether to grant injunctive relief, a district court must weigh the relative strengths and weaknesses of a plaintiff's claims in light of a five-part test that has long been part of the Seventh Circuit's jurisprudence. Specifically, a plaintiff must establish that: (1) there is a reasonable or substantial likelihood that he would succeed on the merits; (2) there is no adequate remedy at law; (3) that absent an injunction, he will suffer irreparable harm; (4) the irreparable harm suffered by plaintiff in the absence of the injunctive relief will outweigh the irreparable harm that defendants will endure were the injunction granted; and (5) the public interest would be served by an injunction. *Teamsters Local Unions Nos. 75 and 200 v. Barry Trucking*, 176 F.3d 1004, 1011 (7th Cir. 1999); *Judge v. Quinn*, 612 F.3d 537, 546 (7th Cir. 2010); *Pro's Sports Bar & Grill, Inc. v. City of Country Club Hills*, 589 F.3d 865, 872-73 (7th Cir. 2009).

Without expressing an opinion on the merits of Plaintiff's other claims for relief, this Court concludes that a preliminary injunction should not be issued in this matter. Plaintiff asserts that the collective punishment Defendants have implemented amounts to cruel and unusual punishment in violation of the Eighth Amendment. (Doc. 2. p. 1). However, it does not appear that by limiting commissary spending, phone calls, and emails Plaintiff is suffering the type of severe deprivation

that would support the extraordinary and drastic remedy of a preliminary injunction. *See James v. Milwaukee Cty.,* 956 F.2d 696 (7th Cir. 1992) (citing *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981) (Prison conditions violate the Eighth Amendment if they deprive inmates of basic human needs, such as food, medical care, sanitation, or physical safety). While Plaintiff's allegations that USP Marion officials are encouraging inmate self-regulation, resulting in an increase in violent prison attacks, are concerning, Plaintiff has not stated that he has been a victim of these attacks or is even at risk of being a victim of these attacks. Nor does he allege that the officials have asked him to participate in the attacks. He states that there is a present and ongoing threat of violence and a general fear for his safety (Doc. 1, p. 8; Doc. 2, p. 1), but has failed to demonstrate the likelihood of any immediate or irreparable harm to himself. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) ("Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."). Plaintiff has not met his initial burden of showing a likelihood of success on the merits.

Accordingly, the Court **DENIES** the Motion for Preliminary Injunction (Doc. 2) without prejudice.

**IT IS SO ORDERED.**

**DATED: May 13, 2019**

                                                    **s/J. Phil Gilbert**
                                                    **J. PHIL GILBERT**
                                                    **Unites States District Judge**