**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JAMES R. KAMMEYER, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 19-cv-00454-JPG** |
| | ) | |
| **WILLIAM TRUE,** | ) | |
| **D. STICKELS,** | ) | |
| **DANIEL HUGGINS, and** | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff James Kammeyer, an inmate with the Federal Bureau of Prisons ("BOP") who is currently incarcerated at the United States Penitentiary located in Marion, Illinois ("USP Marion"), initiated his law suit by filing a Complaint (Doc. 1), which has not yet finished preliminary review under 28 U.S.C. § 1915A. Now before the Court is a document Plaintiff filed on May 28, 2019, titled "Notice of Intent" (Doc. 11, pp. 1-4), which also includes witness statements (Doc. 11, pp. 5-10) and numerous letters that Plaintiff has submitted to attorneys in an effort to recruit counsel (Doc. 11, pp. 11-23).

In the "Notice of Intent," Plaintiff indicates that he wants to provide the Court with additional facts relevant to his case including, but not limited to, information pertaining to: (1) his intent to add a co-lead Plaintiff, who was recently assaulted and lost an eye during the assault; (2) his attempts and his intended co-lead Plaintiff's attempts to obtain counsel; and (3) prison officials

allegedly tampering with witnesses. The witness statements also attempt to relay additional information regarding Plaintiff's claims.

The Notice of Intent and witness statements are an improper attempt to supplement Plaintiff's Complaint. The Court does not accept piecemeal amendments to a complaint. If Plaintiff intends to amend his Complaint with additional claims, parties, and/or allegations he must submit a proposed amended complaint that complies with Federal Rule of Civil Procedure 15 and Local Rule 15.1. The amended complaint must include all claims against all defendants. The amended complaint must stand on its own without reference to any other document, such as a "supplement." Plaintiff is further advised that an amended complaint supersedes the original pleading, rendering the original void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004).

Accordingly, the Notice of Intent (Doc. 11, pp. 1-4) and witness statements (Doc. 11, pp. 5-10) are STRICKEN. The Court, however, will allow Plaintiff to supplement his request to appoint counsel, which is contained in his Motion for Class Certification, with the letters he has submitted to various attorneys in an effort to recruit counsel on his own (Doc. 11, pp. 11-23).

Consistent with this Order, the Court **DIRECTS** the Clerk of Court to **STRIKE** Doc. 11, as it is currently filed. The Clerk of Court is further **DIRECTED** to refile Plaintiff's letters to attorneys (Doc. 11, pp. 11-23) as a supplement to his Motion for Class Certification (Doc. 3), which includes Plaintiff's request for recruitment of counsel.

**IT IS SO ORDERED.**

**DATED:  June 3, 2019**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**Unites States District Judge**

2